# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA PIPER, as Executrix of the Estate of Michael Piper, Deceased, JOHN C. SWANSON, CHARLES LEX, JONES PLANTING CO. III, and JASON J. CANJAR D/B/A YEDINAK REGISTERED HOLSTEINS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER CROPSCIENCE LP, BAYER CROPSCIENCE, INC.; CORTEVA INC.; CARGILL INCORPORATED; SYNGENTA CORPORATION; WINFIELD SOLUTIONS, LLC; UNIVAR SOLUTIONS, INC.; PIONEER HI-BRED INTERNATIONAL, INC.; FEDERATED CO-OPERATIVES LTD.; CHS INC.; NUTRIEN AG SOLUTIONS INC., GROWMARK INC.; GROWMARK FS, LLC; SIMPLOT AB RETAIL SUB, INC.; AND TENKOZ, INC.,<br><br>Defendants. | Case Nos. 3:21-cv-00021-NJR<br>3:21-cv-00046-NJR<br>3:21-cv-00122-NJR<br>3:21-cv-00173-NJR<br>3:21-cv-00181-NJR |

**DEFENDANT CARGILL, INCORPORATED'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE CLASS ACTION CONSOLIDATED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................... 2

LEGAL STANDARD ................................................................................................ 3

ARGUMENT ............................................................................................................. 4

    A.     Plaintiffs Fail to Allege that Cargill, Incorporated Violated the
          Antitrust Laws. ..................................................................................... 4

    1.     No Allegations of Anticompetitive Conduct by Cargill, Incorporated. ......... 5

    2.     No Allegations of Crop Inputs Sales by Cargill, Incorporated. .................... 5

    B.     Statute of Limitations Bars Claims against Cargill, Incorporated. ............... 6

    1.     Plaintiffs' Claims against Cargill, Incorporated are Time-Barred
          Because It Sold its Crop Inputs Business in 2016. ........................................ 6

    2.     Plaintiffs' Deficient Fraudulent Concealment Allegations Cannot
          Toll the Statute of Limitations as to Cargill, Incorporated. .......................... 7

CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ........................................................................... 4

*Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013) ..................................... 4, 5

*Beatty v. Accident Fund Gen. Ins. Co.,* No. 3:17-CV-1001-NJR-GCS, 2019 WL 2409555, at *1 (S.D. Ill. 2019) ............................................................................................................. 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007) ............................................... 4

*Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*, No. 16-cv-06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) ........................................................................ 5

*Garden City Employees' Ret. Sys. v. Anixter Int'l., Inc.*, 2011 WL 1303387, at *12 (N.D. Ill. 2011) ............................................................................................................................ 3

*Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) ..... 3

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 8669891, at *8 (N.D. Cal. 2016) ...................................................................................................... 4, 6

*In re Copper Antitrust Litig.*, 436 F.3d 782, 789 (7th Cir. 2006) ....................................... 4

*Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 839 (11th Cir. 1999) .......... 6

*United States v. U.S. Gypsum Co.*, 438 U.S. 422 (1978) ................................................. 4, 6

*Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) ............ 4, 7

**Statutes**

15 U.S.C. § 15b ................................................................................................................ 4, 6

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Cargill, Incorporated respectfully moves to dismiss with prejudice all claims in the Class Action Consolidated Complaint ("Complaint") against Cargill, Incorporated. *Piper v. Bayer CropScience, LP et al.*, No. 3:21-cv-00021, Class Action Consolidated Complaint, ECF No. 58 (S.D. Ill. Feb. 18, 2021).

## INTRODUCTION

Plaintiffs' claims against Cargill, Incorporated should be dismissed with prejudice for two independent reasons.[1]

First, Plaintiffs' Complaint fails to state a claim against Cargill, Incorporated. It fails to allege that any Cargill entity conspired not to sell Crop Inputs to Yorkton/FBN or otherwise engaged in anticompetitive conduct. Despite its 290 paragraphs, the Complaint's only allegation that any Cargill entity took any action at all mistakenly describes Cargill as a manufacturer, Compl. ¶ 76 (alleging that "Manufacturer Defendants … Bayer, Corteva, and Cargill informed FBN they would no longer sell Crop Inputs, including seeds and pesticides, to Yorkton," a Crop Inputs retailer in Yorkton, Saskatchewan, Canada). More importantly, the Complaint fails to allege that Cargill's action was pursuant to any *agreement* with any other Defendant. Only five paragraphs of the Complaint even mention Cargill, and none come close to alleging a plausible antitrust violation by any Cargill entity. The Complaint alleges that Cargill Limited, a non-party Canadian corporation, sells Crop Inputs and is involved in an investigation of Crop Inputs by the Canadian Competition Bureau. *Id*. ¶¶ 76, 89-90. These allegations are irrelevant. Plaintiffs do not name Cargill Limited as a defendant. And they do not allege that Cargill, Incorporated—a U.S. company

---

[1] Defendant Cargill, Incorporated joins and incorporates herein Defendants' Joint Motion to Dismiss. *Piper v. Bayer CropScience, LP et al.*, No. 3:21-cv-00021, Defs' Joint Mot. To Dismiss, (S.D. Ill. May 5, 2021).

1

that does not sell Crop Inputs and has not done so in many years—can be held liable for the acts of Cargill Limited.

Second, even assuming, *arguendo*, that the Complaint had plausibly alleged Cargill's participation in an anticompetitive agreement (and, to be clear, it has not), Plaintiffs' claims against Cargill, Incorporated are time-barred. Cargill, Incorporated once operated a Crop Inputs retail division in the United States—not a wholesaler as alleged in the Complaint—but it sold that business to Agrium Inc. ("Agrium") in 2016, more than four years before these cases were filed. When Cargill sold its Crop Inputs business to Agrium, it definitively and unambiguously withdrew from any alleged Crop Inputs conspiracy and did so outside of the Sherman Act's four-year limitations period applicable to Plaintiffs' claims.

As explained in more detail below, to the extent that the Court does not dismiss all of the lawsuits in their entirety, the Court should at a minimum dismiss Plaintiffs' claims against Cargill, Incorporated with prejudice.

**FACTUAL BACKGROUND**

Plaintiffs allege that they are direct and indirect purchasers of Crop Inputs in the United States. Compl. ¶¶ 16-21. The first complaint in this matter was filed on January 8, 2021. *Piper v. Bayer CropScience, LP et al.*, No. 3:21-cv-00021, Class Action Complaint, ECF No. 1 (S.D. Ill. Jan. 8, 2021). In the Class Action Consolidated Complaint, Plaintiffs allege that "at least as early as January 1, 2014," Compl. ¶ 118, Defendants conspired to boycott and limit the free sale of Crop Inputs including through electronic platforms which "aimed to provide a cheaper, more transparent way for farmers to buy Crop Inputs, circumventing the existing opaque, convoluted distribution system." *Id.* ¶ 5.

Plaintiffs named Cargill, Incorporated, a Delaware corporation headquartered in Minnesota, as a defendant. *Id.* ¶ 30. Although Defendant Cargill, Incorporated had been active

as a Crop Inputs retailer in the United States, it sold its U.S. Crop Inputs business to Agrium in 2016. Ex. A, 2017 Form 40-F, Ex. 99.1, at 8.[2] The Complaint does not allege that any Plaintiff ever purchased Crop Inputs from any Cargill entity whether directly or indirectly, or in the United States or Canada. Compl. ¶¶ 16-21. In fact, the Complaint fails to allege Cargill ever sold Crop Inputs in the United States at all. *Compare id*. ¶¶ 2, 30, 76, 89-90, *with id*. ¶¶ 23-24, 26-29 (alleging Crop Input sales in the United States for other Defendants). Of the only five paragraphs in the Complaint that even mention a Cargill entity, *id*. ¶¶ 2, 30, 76, 89-90, three relate exclusively to Canada and non-party Cargill Limited.[3] *Id*. ¶ 76 (alleging "Cargill" decision not to sell Crop Inputs to retailer in Yorkton, Saskatchewan, Canada), ¶¶ 89-90 (alleging Canadian Competition Bureau inquiry into whether Cargill Limited "engaged in practices reviewable under Part VIII of the Competition Act Canada"). The Complaint does not contain a single substantive allegation as to the only Cargill entity named as a Defendant, Cargill, Incorporated. Nor does it plead any facts suggesting that Cargill, Incorporated can be held liable for the actions of Cargill Limited.

## LEGAL STANDARD

**Twombly 12(b)(6) Pleading Standard.** Plaintiffs have the burden of pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[2] The Court may take judicial notice of Agrium's SEC filings without converting the motion to dismiss into a motion for summary judgement. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997) ("permit[ting] a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment…when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard"); *Garden City Employees' Ret. Sys. v. Anixter Int'l., Inc.*, 2011 WL 1303387, at *12 (N.D. Ill. 2011) ("[C]ourts have concluded that judicial notice may be taken of the contents of public record disclosure documents filed with the SEC if the facts sought to be noticed are not subject to dispute.").

[3] The other two paragraphs are merely descriptive. Compl. ¶ 2 (listing defendants), ¶ 30 (describing defendant).

544, 556, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for violation of Section 1 of the Sherman Act, must, among other things, allege "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Each defendant is entitled "to know what he or she did that is asserted to be wrongful," *Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013), and Plaintiffs must therefore include with respect to each defendant, "specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558–59 (noting the high cost of modern federal antitrust discovery).

**Statute of Limitations and Time-Barred Claims.** Federal antitrust claims authorized under the Clayton Act, as well as most state antitrust law claims must be "commenced within four years after the cause of action accrued." 15 U.S.C. § 15b; *see In re Copper Antitrust Litig.*, 436 F.3d 782, 789 (7th Cir. 2006). The statute of limitations begins to run when a defendant withdraws from an alleged conspiracy, including by exiting the implicated business. "[A] defendant has withdrawn if it severs all ties to the conspiracy and to the business through which it participated in the conspiracy." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 8669891, at *8 (N.D. Cal. 2016); *see United States v. U.S. Gypsum Co.*, 438 U.S. 422, 464-65 (1978).

**Fraudulent Concealment Must be Pled with Particularity.** A plaintiff that pleads fraudulent concealment as a basis for tolling the statute of limitations, must plead fraud with particularity, that is, state what the fraud actually was, and "inform each defendant of the nature of his alleged participation in the fraud." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994).

## ARGUMENT

**A. Plaintiffs Fail to Allege that Cargill, Incorporated Violated the Antitrust Laws.**

4

### 1. No Allegations of Anticompetitive Conduct by Cargill, Incorporated.

Plaintiffs' Complaint fails to allege facts that would establish that Cargill, Incorporated engaged in anticompetitive conduct or entered into anticompetitive agreements. Plaintiffs must plead sufficient information to allow "[each defendant] to know what he or she did that is asserted to be wrongful." *Knight,* 725 F.3d at 818; *Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*, No. 16-cv-06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) ("Details about who did what are not merely nice-to-have features of an otherwise-valid complaint") (internal citation omitted)). The sole allegation in the Complaint relating to conduct by any Cargill entity alleges that in 2018, "Cargill informed FBN they would no longer sell Crop Inputs, including seeds and pesticides, to Yorkton," a Crop Inputs retailer in Yorkton, Saskatchewan, Canada. Compl. ¶ 76. This allegation is insufficient as a matter of law. First, contrary to the rest of the Complaint which alleges Cargill is a *wholesaler*, *id.* ¶¶ 2, 30, this paragraph mistakenly describes Cargill as a *manufacturer*. *Id.* ¶ 76. Second, the Complaint fails to allege, plausibly or otherwise, that the 2018 notice from Cargill was pursuant to an anticompetitive *agreement*. *Id.* ¶ 76. And finally, this sole allegation could not plausibly state a claim against Cargill, Incorporated, a U.S. company that divested its Crop Inputs *retail* business in 2016, two years prior, and is not alleged to have transacted business in Canada.

### 2. No Allegations of Crop Inputs Sales by Cargill, Incorporated.

Plaintiffs allege that Cargill, Incorporated, is a Crop Inputs wholesaler, *id.* ¶¶ 2, 30, but the Complaint fails to allege any U.S. Crop Input sales by Cargill, Incorporated. No Plaintiff is alleged to have purchased Crop Inputs directly or indirectly from Cargill, Incorporated. *Id.* ¶¶ 16-21. Indeed, the five paragraphs that mention any Cargill entity fail to describe any sale of Crop Inputs in the United States for which Cargill, Incorporated was either a U.S. retailer or wholesaler,

*compare id.* ¶¶ 2, 30, 76, 89-90, *with id.* ¶¶ 23-24, 26-29 (alleging Crop Input sales in the United States for other Defendants), or to identify a single sale or a single customer.

Given the absence of a single substantive allegation against Cargill, Incorporated, it is unclear why Plaintiffs even named them in the Complaint. What is clear, however, is that Plaintiffs fail to state any claim against Cargill, Incorporated. Accordingly, Plaintiffs' Complaint should be dismissed with prejudice as to Cargill, Incorporated.

**B. Statute of Limitations Bars Claims against Cargill, Incorporated.**

    **1.    Plaintiffs' Claims against Cargill, Incorporated are Time-Barred Because It Sold its Crop Inputs Business in 2016.**

The Sherman Act's four-year statute of limitations began to run when Cargill, Incorporated sold its U.S. Crop Inputs business in September 2016. Plaintiffs' first Crop Inputs claims were filed on January 8, 2021, and are, therefore, time-barred because they were not "commenced within four years after the cause of action accrued." 15 U.S.C. § 15b.

Sale of a business constitutes an "[a]ffirmative act[] inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators [and has] generally been regarded as sufficient to establish withdrawal or abandonment." *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 464-65 (1978). "[A] defendant has withdrawn if it severs all ties to the conspiracy and to the business through which it participated in the conspiracy." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 JST, 2016 WL 8669891, at *8 (N.D. Cal. 2016). Here, Cargill, Incorporated's sale of its Crop Inputs business to Agrium in 2016 started the running of the statute of limitations in 2016. *See Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 839 (11th Cir. 1999) (withdrawal effectuated and affirming claims as time-barred when defendant sold its business and "did nothing more to assist

or participate in the price-fixing activities of the other" co-conspirators). Plaintiffs' claims against Cargill, Incorporated are, therefore, time-barred and should be dismissed.

### 2. Plaintiffs' Deficient Fraudulent Concealment Allegations Cannot Toll the Statute of Limitations as to Cargill, Incorporated.

Plaintiffs do not plead fraudulent concealment with the particularity required to toll the four-year statute of limitations. A plaintiff that pleads fraudulent concealment as a basis for tolling the statute of limitations, must plead fraud with particularity, that is, state what the fraud actually was, and "inform each defendant of the nature of his alleged participation in the fraud." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994).

Although Plaintiffs do not sufficiently plead fraudulent concealment as to any Defendant, their allegations are particularly deficient as to Cargill, Incorporated. None of Plaintiffs' fraudulent concealment allegations even mention any action taken by any Cargill entity. Compl. ¶¶ 113-116. Nor do the five paragraphs that do mention a Cargill entity even hint that Cargill, Incorporated (or any Cargill entity for that matter) took any action to fraudulently conceal the conspiracy. *Id.* ¶¶ 2, 30, 76, 89-90. Plaintiffs' fraudulent concealment allegations must therefore be rejected because they impermissibly "lump[] all Defendants' actions together and fail[] to explain how any specific Defendant engaged in allegedly fraudulent activities or when the fraudulent actions occurred." *Beatty v. Accident Fund Gen. Ins. Co.,* No. 3:17-CV-1001-NJR-GCS, 2019 WL 2409555, at *1 (S.D. Ill. 2019).

## CONCLUSION

Cargill, Incorporated respectfully requests that, pursuant to Rule 12(b)(6), the Court dismiss all claims against Cargill, Incorporated with prejudice.

Dated: May 5, 2021

Respectfully submitted,

/s/ Eric Mahr
_____
Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005-3960
Tel: (202) 777-4545
Fax: (202) 777-4555
eric.mahr@freshfields.com

*Counsel for Defendant Cargill, Incorporated*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_____
Eric Mahr (*pro hac vice*)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005-3960
Tel: (202) 777-4545
Fax: (202) 777-4555
eric.mahr@freshfields.com

*Counsel for Defendant Cargill, Incorporated*