# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON J. CANJAR, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BAYER CROPSCIENCE LP, et al.<br><br>*Defendants*. | Case No. 3:21-cv-00181-NJR |

## DEFENDANT UNIVAR SOLUTIONS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION CONSOLIDATED COMPLAINT

# TABLE OF CONTENTS

Introduction ................................................................................................................................ 1

Statement of Facts ..................................................................................................................... 2

Legal Argument ......................................................................................................................... 2

    I.    Plaintiffs Fail To Plead Any Specific Allegation Against Defendant Univar. ............... 2

    II.   Plaintiffs Have Pled No Basis For Defendant Univar To Be Held Liable For The Actions Of Univar Canada, Ltd., A Non-Party. .............................................................. 3

Conclusion ................................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arnold Chevrolet LLC v. Tribune Co.,*
   418 F. Supp. 2d 172 (E.D.N.Y. 2006) ...................................................................................5

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...............................................................................................................2

*Bank of Am., N.A. v. Knight,*
   725 F.3d 815 (7th Cir. 2013) ..................................................................................................3

*Bell Atʼl Corp. v. Twombly,*
   550 U.S. 544 (2007) ...............................................................................................................2

*United States v. Bestfoods,*
   524 U.S. 51 (1998) .................................................................................................................4

*Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.,*
   No. 16-cv-06113, 2017 WL 4269005 (N.D. Ill. Sept. 26, 2017) ............................................3

*Chatz v. World Wide Wagering, Inc.,*
   413 F. Supp. 3d 742 (N.D. Ill. 2019) .....................................................................................4

*Concord Assocs. L.P. v. Ent. Props. Tr.,*
   No 12-cv-1667 (ER), 2014 WL 1396524 (S.D.N.Y. Apr. 9, 2014) ........................................4

*In re Digital Music Antitrust Litig.,*
   812 F. Supp. 2d 390 (S.D.N.Y. 2011) ...................................................................................5

*Motorola Mobility LLC v. AU Optronics Corp.,*
   775 F.3d 816 (7th Cir. 2015) ..................................................................................................4

*In re Processed Egg Prods. Antitrust Litig.,*
   821 F. Supp. 2d 709 (E.D. Pa. 2011) .....................................................................................3

*West v. Act II Jewelry, LLC,*
   No. 15 C 5569, 2016 WL 1073095 (N.D. Ill. Mar. 18, 2016) ............................................4, 5

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................................................2

**INTRODUCTION**

Plaintiffs are domestic farmers who allege that they purchased Crop Inputs at inflated prices due to anticompetitive behavior by numerous defendants, including Defendant Univar Solutions Inc. ("Defendant Univar"). Yet, in their 70-page, almost 300-paragraph complaint, Plaintiffs fail to allege—because they cannot—a single sale of Crop Inputs made by Defendant Univar in the United States, any specific communication involving Defendant Univar regarding the supposed anticompetitive boycott of electronic platforms in the United States, or even an opportunity to conspire afforded to Defendant Univar that resulted in the supposed higher prices of Crop Inputs in the United States. With no evidence of anticompetitive conduct by Defendant Univar, Plaintiffs resort to impermissible group pleading, using far too generic allegations against undifferentiated "Defendants." Those allegations are insufficient to connect Defendant Univar to the alleged antitrust conspiracy, and cannot save Plaintiffs' claims from dismissal.

In the <u>five</u> paragraphs in which Plaintiffs use the word "Univar," Plaintiffs focus on the actions of Univar Canada, Ltd. ("Univar Canada")—which is <u>not</u> a named defendant in this action. Noticeably absent from the Complaint is any allegation to connect the supposed anticompetitive actions of Univar Canada in Canada to Defendant Univar or any supposed injury suffered by Plaintiffs in the United States. Moreover, Plaintiffs fail to provide the Court any basis to pierce the corporate veil between Defendant Univar and Univar Canada, or other basis to hold Defendant Univar liable under federal and state antitrust laws.

As set forth more fully below, and for the reasons stated in Defendants' Joint Motion to Dismiss, which Defendant Univar joins and incorporates herein, this Court should dismiss all of Plaintiffs' claims as to Defendant Univar with prejudice.

## STATEMENT OF FACTS

Plaintiffs are United States farmers and/or farming businesses, who seek redress under state and federal antitrust laws for Defendants' alleged anticompetitive boycott of electronic platforms in the United States that supposedly resulted in artificially high prices for Crop Inputs. *See* Dkt. 5 ("Compl.") ¶¶ 16-21, 43 ("[t]he relevant geographic market is the United States"). Relevant to this motion, Plaintiffs' specific allegations mentioning "Univar" are scant and appear in just five paragraphs, described in Section II *infra*. *See* Compl. ¶¶ 2, 32, 75, 89, 90.

## LEGAL ARGUMENT

### I. Plaintiffs Fail To Plead Any Specific Allegation Against Defendant Univar.

To survive dismissal, Plaintiffs must state a claim that is "plausible on its face," such that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell At'l Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). But, Plaintiffs' Complaint contains **zero** well-pled allegations of anticompetitive conduct against Defendant Univar. To illustrate:

- **No Plaintiff Connection:** No Plaintiff purchased Crop Inputs from Defendant Univar.

- **No Connection To The Putative Classes:** Plaintiffs do not even allege (because they cannot) any retail or wholesale location maintained by Defendant Univar in which it sold Crop Inputs in the United States. *See* Compl. ¶ 32. In fact, Plaintiffs fail to identify any specific sale of Crop Inputs by Defendant Univar to any member of the putative class in the United States.

- **No Communication With Any Defendant:** Plaintiffs fail to identify (because they cannot) if or how Defendant Univar coordinated with other Defendants to block electronic platforms to cause the supposedly higher prices in the United States market that Plaintiffs complain of. And, while Plaintiffs claim that Defendants had opportunities to conspire through trade associations, Compl. ¶¶ 82-85, Plaintiffs do not even identify Defendant Univar as a member of such trade associations (again, because they cannot).

Simply put, Plaintiffs' threadbare allegations fall far short of their pleading standard of Federal Rule of Civil Procedure 8, which requires Plaintiffs to plead sufficient information to

"entitle[] [each defendant] to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) (affirming dismissal of complaint that was "short on specifics"); *Chamberlain Grp., Inc. v. Techtronic Indus. N. Am., Inc.*, No. 16-cv-06113, 2017 WL 4269005, at *3 (N.D. Ill. Sept. 26, 2017) ("Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; . . . a claim to relief *must* include such particulars" (internal citation omitted)). Plaintiffs' claims against Defendant Univar are not saved through their general allegations as to "Defendants" or "Wholesaler Defendants," because "complaints based on a theory of collective responsibility must be dismissed." *See Bank of Am.*, 725 F.3d at 818. Because Plaintiffs have failed to attribute any specific anticompetitive conduct to Defendant Univar, this Court should dismiss all of Plaintiffs' claims against Defendant Univar. *Chamberlain Grp.*, 2017 WL 4269005, at *3 (dismissing conspiracy claims when complaint said "nothing about the individual actions" of each defendant); *In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709, 720 (E.D. Pa. 2011) (rejecting complaint based on "[c]onclusory, collective language" as "too convenient, too undisciplined, and too unfocused").

## II. Plaintiffs Have Pled No Basis For Defendant Univar To Be Held Liable For The Actions Of Univar Canada, Ltd., A Non-Party.

Defendant Univar should be dismissed because Plaintiffs have not alleged Defendant Univar can be liable for the actions of its subsidiary, Univar Canada, Ltd.—all of which took place in Canada, not the United States. Setting aside the two paragraphs in which Plaintiffs merely name Defendant Univar as a Defendant (Compl. ¶¶ 2, 32), in the remaining three paragraphs in which "Univar" is mentioned, Plaintiffs focus on alleged conduct of Univar Canada in Canada, not Defendant Univar in the United States. Paragraphs 89 and 90 identify Univar <u>Canada</u> as the entity subject to a Canadian investigation and against whom a Canadian court ordered the production of documents. And, in paragraph 75, while Plaintiffs attribute a

3

single email to an undifferentiated "Univar" entity, Plaintiffs acknowledge that email was about a supposed decision to not deal with Yorkton, a "Canada-based retailer." *See* Compl. ¶ 72 (emphasis added). In any event, allegations "made against families of affiliated entities [are] simply insufficient to withstand review on a motion to dismiss." *Concord Assocs. L.P. v. Ent. Props. Tr.*, No 12-cv-1667 (ER), 2014 WL 1396524, at *26 (S.D.N.Y. Apr. 9, 2014) (dismissing antitrust claims).

Not only do those lacking allegations fail to plausibly demonstrate Defendant Univar's involvement in the alleged conspiracy, but Plaintiffs have also failed to provide the Court with any basis to hold Defendant Univar for the supposed misconduct of its Canadian subsidiary. It is well-established that a "parent corporation . . . is not liable for the acts of its subsidiaries," absent a reason to ignore corporate formalities and pierce the corporate veil. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *Motorola Mobility LLC v. AU Optronics Corp.*, 775 F.3d 816, 820 (7th Cir. 2015) ("corporate formalities should be respected unless one of the recognized justifications for piercing the veil . . . is present."). Notably, veil piercing occurs only in the "most exceptional circumstances." *West v. Act II Jewelry, LLC*, No. 15 C 5569, 2016 WL 1073095, at *6 (N.D. Ill. Mar. 18, 2016) (citation omitted) (applying Delaware law and granting motion to dismiss).[1] Thus, to survive a motion to dismiss, Plaintiffs must plead that the two entities at issue "operated as a single economic unit," and that failing to pierce the corporate veil would result in "an overall element of injustice or unfairness." *Id.* at *4 (citation omitted).

Here, Plaintiffs have not alleged a single fact that suggests the corporate veil should be pierced. Plaintiffs do not come close to alleging that Univar Canada acted as a "sham entity" of Defendant Univar, or that corporate formalities were ignored. Nor do they even suggest that

---

[1] As Defendant Univar is a Delaware corporation, Delaware law governs the veil piercing analysis. *See Chatz v. World Wide Wagering, Inc.*, 413 F. Supp. 3d 742, 756 (N.D. Ill. 2019).

failing to pierce the corporate veil would result in injustice or unfairness. Accordingly, where Plaintiffs have failed to allege any wrongful conduct by Defendant Univar, or any basis to attribute Univar Canada's actions to Defendant Univar, this Court should dismiss all of Plaintiffs' claims asserted against Defendant Univar. *See, e.g.*, *West*, 2016 WL 1073095, at \*6 (dismissing claim against parent defendants where plaintiffs failed to allege facts that the corporate veil should be pierced); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 417 (S.D.N.Y. 2011) (same when the complaint contained "no allegations that any Parent Company did anything actionable in the alleged antitrust conspiracy," because whether "subsidiaries did anything actionable is not relevant with respect to the liability of the Parent Companies absent a basis to pierce the corporate veil, and none is alleged"); *Arnold Chevrolet LLC v. Tribune Co.*, 418 F. Supp. 2d 172, 178 (E.D.N.Y. 2006) ("in the antitrust context, courts have held absent allegations of anticompetitive conduct by the parent, there is no basis for holding a parent liable for the alleged antitrust violations of its subsidiary.").

## CONCLUSION

For the foregoing reasons and those stated in Defendants' Joint Motion to Dismiss, Defendant Univar respectfully requests that this Court dismiss all Plaintiffs' claims against Defendant Univar with prejudice.

Dated: May 5, 2021

Respectfully submitted,

By: /s/ *Craig C. Martin*
Craig C. Martin
Matt D. Basil
**WILLKIE FARR & GALLAGHER LLP**
300 North LaSalle
Chicago, IL 60654-3406
Telephone: (312) 728-9000
cmartin@willkie.com
mbasil@willkie.com

*Attorneys for Univar Solutions Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was served on Counsel of Record via CM/ECF on May 5, 2021.

                                                */s/ Maria C. Liu*