# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BARBARA PIPER, as Executrix of the Estate of Michael Piper, Deceased, on behalf of herself and all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BAYER CROPSCIENCE LP, BAYER CROPSCIENCE INC., CORTEVA INC., CARGILL INCORPORATED, BASF CORPORATION, SYNGENTA CORPORATION, WINFIELD SOLUTIONS, LLC, UNIVAR SOLUTIONS, INC., FEDERATED CO-OPERATIVES LTD., CHS INC., NUTRIEN AG SOLUTIONS INC., GROWMARK, INC., GROWMARK FS, LLC, SIMPLOT AB RETAIL SUB, INC., AND TENKOZ INC.,**<br><br>*Defendants.* | Case No. 3:21-CV-00021-NJR |

| | |
|---|---|
| **JOHN C. SWANSON, individually and on behalf of all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BAYER CROPSCIENCE LP, BAYER CROPSCIENCE INC., CORTEVA INC., CARGILL INCORPORATED, BASF CORPORATION, SYNGENTA CORPORATION, WINFIELD SOLUTIONS, LLC, UNIVAR SOLUTIONS, INC., FEDERATED CO-OPERATIVES LTD., CHS INC., NUTRIEN AG SOLUTIONS INC., GROWMARK, INC., GROWMARK FS, LLC, SIMPLOT AB RETAIL SUB, INC., AND TENKOZ INC.,**<br><br>*Defendants.* | Case No. 3:21-CV-00046-NJR |
| **CHARLES LEX,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BAYER CROPSCIENCE LP, BAYER CROPSCIENCE INC., CORTEVA INC., CARGILL INCORPORATED, BASF CORPORATION, SYNGENTA CORPORATION, WINFIELD SOLUTIONS, LLC, UNIVAR SOLUTIONS, INC., FEDERATED CO-OPERATIVES LTD., CHS INC., NUTRIEN AG SOLUTIONS INC., GROWMARK, INC., GROWMARK FS, LLC, SIMPLOT AB RETAIL SUB, INC., AND TENKOZ INC.,**<br><br>*Defendants.* | Case No. 3:21-CV-00122-NJR |

| | |
|---|---|
| **JONES PLANTING CO. III**, on behalf of itself and all others similarly situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>**BAYER CROPSCIENCE LP, BAYER CROPSCIENCE INC., CORTEVA INC., CARGILL INCORPORATED, BASF CORPORATION, SYNGENTA CORPORATION, WINFIELD SOLUTIONS, LLC, UNIVAR SOLUTIONS, INC., FEDERATED CO-OPERATIVES LTD., CHS INC., NUTRIEN AG SOLUTIONS INC., GROWMARK, INC., GROWMARK FS, LLC, SIMPLOT AB RETAIL SUB, INC., AND TENKOZ INC.,**<br><br>    *Defendants.* | Case No. 3:21-CV-00173-NJR |

| | |
|---|---|
| **JASON J. CANJAR D/B/A YEDINAK REGISTERED HOLSTEINS, on behalf of himself and all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BAYER CROPSCIENCE LP, BAYER CROPSCIENCE INC., CORTEVA INC., CARGILL INCORPORATED, BASF CORPORATION, SYNGENTA CORPORATION, WINFIELD SOLUTIONS, LLC, UNIVAR SOLUTIONS, INC., FEDERATED CO-OPERATIVES LTD., CHS INC., NUTRIEN AG SOLUTIONS INC., GROWMARK, INC., GROWMARK FS, LLC, SIMPLOT AB RETAIL SUB, INC., AND TENKOZ INC.,**<br><br>*Defendants.* | Case No. 3:21-CV-00181-NJR |

### SYNGENTA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE CLASS ACTION CONSOLIDATED COMPLAINT

## **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................... 2

    I.    Many of the CAC's Primary Allegations of a Purported Conspiracy Have
          No Application to Syngenta ................................................................................... 2

CONCLUSION ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

C<small>ASES</small>

P<small>AGE</small>(S)

*Alexander v. Phoenix. Bond & Indem. Co.*,
   149 F. Supp. 2d 989 (N.D. Ill. 2001) ........................................................................................ 2

*Bank of Am., N.A. v. Knight*,
   725 F.3d 815 (7th Cir. 2013) ...................................................................................................... 2

*Dk Holdings v. Miva, Inc.*,
   No.: 16-CV-0580 W (RBB), 2016 WL 4943048 (S.D. Cal. Sept. 16, 2016) ............................ 4

*House of Materials, Inc. v. Simplicity Pattern Co.*,
   298 F.2d 867 (2d Cir. 1962) ..................................................................................................4, 5

*Intergraph Corp. v. Intel Corp.*,
   195 F.3d 1346 (Fed. Cir. 1999) ................................................................................................. 4

*Monsanto Co. v. Spray-Rite Serv. Corp.*,
   465 U.S. 752 (1984) .................................................................................................................. 3

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
   414 F. Supp. 3d 1256 (N.D. Cal. 2019) .................................................................................... 5

*Standard Iron Works v. Arcelormittal*,
   639 F. Supp. 2d 877 (N.D. Ill. 2009) ........................................................................................ 2

*Tobey v. Chibucos*,
   890 F.3d 634 (7th Cir. 2018) ..................................................................................................... 3

*United States Bd. of Oral Implantology v. Am. Bd. of Dental Specialties*,
   390 F. Supp. 3d 892 (N.D. Ill. 2019) ........................................................................................ 2

*USA Network v. Jones Intercable, Inc.*,
   704 F. Supp. 488 (S.D.N.Y. 1989) ............................................................................................ 4

*Washington. Cty. Health Care Auth. v. Baxter Int'l Inc.*,
   No. 16-CV-10324, 2020 WL 1666454 (N.D. Ill. Apr. 3, 2020) ............................................... 2

*Westman Com. Co. v. Hobart Int'l, Inc.*,
   796 F.2d 1216 (10th Cir. 1986) ................................................................................................. 3

*Zoslaw v. MCA Distrib. Corp.*,
    693 F.2d 870 (9th Cir. 1982) ................................................................................................ 4

## STATUTES & RULES

Fed. R. Evid. 201  ............................................................................................................. 3

Syngenta Corporation ("Syngenta") respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss the Class Action Consolidated Complaint (the "CAC").

Plaintiffs' CAC paints with a broad brush, alleging that a vast network of manufacturers, wholesalers, and retailers of Crop Inputs[1] engaged in a sweeping conspiracy to shut electronic sales platforms, notably the Farmers Business Network ("FBN"), out of the market for Crop Inputs.  In the absence of any allegations of agreement—at any level, horizontal or vertical—or concerted action, the CAC relies on so-called "plus factors," which, according to Plaintiffs, are sufficient to plead that Defendants engaged in an unlawful group boycott rather than lawful unilateral action.  As demonstrated in Defendants' Joint Motion to Dismiss Plaintiffs' Class Action Consolidated Complaint and Memorandum of Law in Support Thereof ("Joint Motion"), the CAC does no such thing, and Syngenta joins in the Joint Motion and incorporates its arguments herein.

In addition to joining the Joint Motion, Syngenta also moves individually because, as shown below, the CAC's allegations relating to Syngenta are particularly deficient and implausible.  Indeed, several of Plaintiffs' most significant allegations have no application to Syngenta whatsoever.  The thrust of the CAC is that Defendants have no plausible reason not to deal with FBN and their refusal to do so can only be explained by an unlawful group boycott.  But it is apparent from the face of the complaint and judicially noticeable documents that Syngenta had ample reason for not dealing with FBN and that Plaintiffs' other allegations in support of conspiracy do not apply to Syngenta.

---

[1] Unless defined otherwise herein, defined terms have the meanings ascribed in the CAC.  Crop Inputs are defined in the CAC as "seeds and crop protection chemicals such as fungicides, herbicides, and insecticides."  CAC ¶ 1.

For all these reasons, as well as those set forth in Defendants' Joint Motion, Syngenta respectfully requests that this Court dismiss the CAC with prejudice.

## ARGUMENT

Plaintiffs asserting conspiracy claims must—at a minimum—allege "that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it." *United States Bd. of Oral Implantology v. Am. Bd. of Dental Specialties*, 390 F. Supp. 3d 892, 904–05 (N.D. Ill. 2019) (quoting *Standard Iron Works v. ArcelorMittal*, 639 F. Supp. 2d 877, 900 (N.D. Ill. 2009)). To meet this standard, Plaintiffs must sufficiently allege "a factual connection between *each* defendant and the alleged conspiracy, and may not rely solely on . . . conclusory allegations based on mere participation in the [relevant] market." *Washington Cty. Health Care Auth., Inc. v. Baxter Int'l Inc.*, No. 16-CV-10324, 2020 WL 1666454, at *7 (N.D. Ill. Apr. 3, 2020) (internal quotation marks and citation omitted) (emphasis added); *Alexander v. Phoenix Bond & Indem. Co.*, 149 F. Supp. 2d 989, 1000 (N.D. Ill. 2001) ("We will analyze each defendant individually because, even in a conspiracy case, liability remains individual and is not a matter of mass application."). By contrast, as the Seventh Circuit has made clear, a "complaint based on a theory of collective responsibility must be dismissed" because "it remains essential to show that a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

With respect to Syngenta, the CAC fails to clear that bar.

I. **Many of the CAC's Primary Allegations of a Purported Conspiracy Have No Application to Syngenta**

Plaintiffs allege that Defendants' decisions not to deal with FBN were against their own economic interests, which the CAC characterizes as a "plus factor" evidencing Defendants'

purported "conspiratorial arrangement."[2]  *Id*. ¶¶ 80, 88.  But that argument cannot apply to Syngenta, making Plaintiffs' allegations implausible as to Syngenta and undermining their plausibility overall.

Syngenta has been locked in a trade secrets dispute with FBN and therefore has unique and entirely lawful reasons not to deal with FBN.  That dispute culminated in Syngenta's filing a federal complaint—before this litigation began—alleging that two of its former employees conspired with FBN to steal Syngenta's trade secrets and proprietary information relating to Crop Inputs.  *See generally* Second Amended Complaint, *Syngenta Seeds, LLC v. Warner et al.*, 0:20-cv-1428 (D. Minn. Dec. 19, 2020), ECF No. 69 (attached hereto as Exhibit 1) (alleging that FBN and two former Syngenta employees engaged in a conspiracy to misappropriate Syngenta's confidential information and trade secrets).  Earlier this year, the District Court denied FBN's motion to dismiss, finding that Syngenta "plausibly alleged that [former employee] and FBN misappropriated [Syngenta's] trade secrets and engaged in a civil conspiracy."  *See* Opinion and Order at 2, *Syngenta Seeds, LLC v. Warner et al.*, 0:20-cv-1428 (D. Minn. Feb. 22, 2021), ECF No. 159 (attached hereto as Exhibit 2).[3]

There can be no serious question that a party has ample reason not to deal with a litigation adversary—particularly one it believes conspired with employees to misappropriate its

---

[2] It is well established that "a manufacturer . . . generally has a right to deal, or refuse to deal, with whomever it likes, as long as it does so independently."  *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 761 (1984); *see also Westman Comm'n Co. v. Hobart Int'l, Inc.*, 796 F.2d 1216, 1225 (10th Cir. 1986) ("[W]e believe that a manufacturer generally should have wide latitude in determining the profile of its distributorships.").

[3] "[T]he actions of other courts or the contents of filings in other courts" are subject to judicial notice under Fed. R. Evid. 201(b) on a motion to dismiss.  *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (quotations marks and citations omitted); *see also id*. (affirming district court dismissal of complaint following judicial notice of court actions in different state).

trade secrets. *Cf. Intergraph Corp. v. Intel Corp.*, 195 F.3d 1346, 1358 (Fed. Cir. 1999) (holding that because "the relationship between a manufacturer and its customer should be reasonably harmonious," litigation "may provide a sound business reason for the manufacturer to terminate their relations") (internal alterations, quotation marks omitted)).[4] That directly undercuts Plaintiffs' core allegation that undergirds their claims in the CAC: that Syngenta had no legitimate reason not to deal with FBN. Thus, Plaintiffs' contentions that Defendants' actions were against their economic interests are not only implausible and unsupported (*see* Joint Motion at Section I.B.3.i), but, as to Syngenta, simply *wrong*. In reality, Syngenta would have been acting *against* its own self-interest if it had chosen to put its valuable trade secrets and intellectual property at risk by working with an entity that, as it has plausibly alleged elsewhere, conspired to misappropriate them. This fact—of which this Court may take judicial notice—rebuts any inference that Syngenta acted contrary to its economic interests, further undermining the plausibility of the CAC's theory that Syngenta was part of an anticompetitive conspiracy. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 889 (9th Cir. 1982) (holding that the possibility of litigation between manufacturer and distributor was a legitimate basis upon which the manufacturer refused to deal with distributor); *House of Materials, Inc. v. Simplicity Pattern Co.*,

---

[4] Indeed, courts in a variety of contexts recognize that litigants should not be required to deal with each other, even where, unlike here, there is a preexisting business relationship between them. Avoiding that undesirable outcome is, for example, one of the reasons that courts disfavor specific performance as a contract remedy. *See, e.g.*, *Dk Holdings v. Miva, Inc.*, No. 16-CV-0580 W (RBB), 2016 WL 4943048, at *6 (S.D. Cal. Sept. 16, 2016) (requiring "two parties to a business relationship that has clearly experienced a falling out" to deal with each other would "entail significant social costs"); *USA Network v. Jones Intercable, Inc.*, 704 F. Supp. 488, 491 (S.D.N.Y. 1989) ("Specific performance is particularly undesirable and impractical where it would force essentially hostile parties into an ongoing, active business relationship.").

298 F.2d 867, 871 (2d Cir. 1962) (same); *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 414 F. Supp. 3d 1256, 1268-69 (N.D. Cal. 2019) (same).

While Syngenta's active litigation against FBN more than explains the lack of a business relationship between the two firms, Plaintiffs' conclusory allegations of conspiracy are based on an investigation that does not even purport to include Syngenta. As discussed in the Joint Motion, Plaintiffs claim that Canada's Competition Bureau ("CCB") has been investigating "Defendants'" boycott of Yorkton, a Canadian retailer acquired by FBN. CAC ¶¶ 73–77, 90–92. Despite their broad-brush pleading that "Defendants" are the target of this Canadian investigation, Plaintiffs do not allege that Syngenta is a target. That is no accident. As a matter of public record, Syngenta is not a target of the investigation and Plaintiffs do not and cannot plead otherwise, making their suggestion that the CCB investigation reflects the existence of a conspiracy even less plausible with respect to Syngenta.

## CONCLUSION

For the reasons set forth above and in Defendants' Joint Motion to Dismiss, Syngenta respectfully requests that this Court dismiss the Class Action Consolidated Complaint with prejudice.

Dated:  May 5, 2021

          /s/ Paul S. Mishkin
          Paul S. Mishkin (*pro hac vice*)
          DAVIS POLK & WARDWELL LLP
          450 Lexington Avenue
          New York, NY 10017
          Tel: (212) 450-4292
          paul.mishkin@davispolk.com

          Michael J. Nester #2037211
          DONOVAN ROSE NESTER, P.C.
          15 North 1st Street, Suite A
          Belleville, IL 62220
          Tel: (618) 212-6500
          mnester@drnpc.com

          *Attorneys for Syngenta Corporation*

## CERTIFICATE OF SERVICE

      I, Paul S. Mishkin, an attorney, hereby certify that I filed Syngenta's Memorandum of Law in Support of Its Motion to Dismiss the Class Action Consolidated Complaint using the CM/ECF system on this 5th day of May 2021.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                        /s/ Paul S. Mishkin